## Minerva G. Owen *v.* B. F. Cook and others.

### October Term, 1875.

SUBROGATION BY CONTRACT — DEFICIENCY OF ASSETS — PRO RATA DIVISION. — Land having been sold by decree of this court on time, and the purchaser being unable to meet his first note promptly, the parties agreed of record that a third person might, upon payment of said first note, be substituted to the rights of those for whom the said land had been sold, "to the extent that he shall have their lien *pro tanto* upon the said land for the money thus paid by him." *Held*, upon a deficiency of assets to pay all the notes, that the person thus advancing his money was entitled to share in the proceeds of the land, in the proportion of the note so paid to the amount of all the notes.

*Hall*, for the lender.
*Rice*, for the land-owner.

THE CHANCELLOR: — Land in this case was sold, for purposes of partition, to one Hall, who executed his notes for the purchase-money as required by the terms of sale. The first note falling due, and one Redmon proposing to pay it for him on certain terms, the owners of the property, for whose benefit the sale was made, accepted his proposition, and the agreement was embodied in a decree entered in this cause on May 12, 1874. This decree is in these words: "In this cause it appearing to the satisfaction of the court that Hall, the purchaser of the land described in the pleadings, is unable to pay in full his first

purchase-note, and that T. W. Redmon is willing to pay
the same for the said Hall, and that he is desirous that the
said Redmon should so pay it, it is therefore, by the
consent of the parties in interest, ordered and decreed by
the court that, upon the payment of said first purchase-note
by the said Redmon, he be substituted to the rights of those
for whom the said land has been sold for the purposes of
partition, to the extent that he shall have their lien *pro
tanto* upon the said land for the money paid by him for the
said Hall." The purchaser having failed to pay his other
notes, and being insolvent, the land was resold for less than
it brought at the original sale.

The parties now differ as to the agreement. Redmon
insists that he was to be entitled to priority of satisfaction,
while the owners of the land claim that he was only to be
subrogated to their rights to the extent of the money thus
paid, after the residue of the purchase-money was paid. I
do not think that the language used admits of either con-
struction. The decree says that, upon the payment of the
first purchase-note by Redmon, he be substituted to the
rights of those for whom the said land had been sold, " to
the extent that he shall have their lien *pro tanto* upon the said
land " for the money so paid by him. Now, what is " their
lien " upon the land? It is, speaking accurately, the lien
reserved on the whole land for the whole purchase-money.
In this view, Redmon woul¹ come into this common lien
to the extent of the money so paid by him, and share *pro
rata* with them in the proceeds realized. The parties pro-
bably meant to subrogate Redmon to the lien of the note
thus paid by him, in whole or in part ; but, if so, it would not
alter the result. The transaction was, in that view, merely
an assignment to Redmon of the note so paid, with the lien
retained for its payment. But it is the settled law of this
state, where land is sold and promissory notes taken for
the payment of the purchase-money, retaining a lien for
their security, and some of them are assigned with the

lien and others retained, that if there be not in such contract of assignment an indication of an intention to give the assigned notes a preference, none will be given, but the property will be sold for the satisfaction of all the notes *pro rata*, should there be a deficiency. *Ewing* v. *Arthur*, 1 Humph. 537; *Smith* v. *Cunningham*, 2 Tenn. Ch. 565. There is not the least indication in the decree, or the agreement embodied in it, of an intention to give a preference to Redmon to the extent of the money thus paid. He is simply to have the owners' lien *pro tanto*, — no more and no less. That lien is "for the satisfaction of all the notes *pro rata*, if there be a deficiency." If more were intended, it has not been expressed; and whatever construction parties may voluntarily put upon agreements, when they come into court the law can only construe the language used. Nobody at the time, probably, thought of a deficiency, and the contingency has not been provided for. There is nothing in this case to take it out of the rule that equality is equity.